IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-1019-DRH |
| | ) |
| PEOPLE OF THE STATE | ) |
| OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Howard Wilson is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Wilson has filed what the Clerk of Court has dubbed a federal petition for a writ of habeas corpus, but what was really labeled by Wilson as a "Section 2-1401 Motion." (*Id.*) Based on the allegations raised in Wilson's filing, Wilson seems to be attacking his underlying state conviction under Illinois Code of Civil Procedure § 2-1401, which "provides a means by which" an Illinois trial court "can vacate or modify a final order or judgment in a civil or criminal proceeding." *People v. Mitros*, — N.E.3d —, 2016 WL 6664643, at *3 (Ill. App. Ct. Nov. 10, 2016). While Wilson's submission to this Court is extremely difficult to parse out, he seems to argue that his 1993 state convictions for murder must be overturned for at least five reasons. Wilson says that his state felony murder convictions are improper because they were predicated on an armed robbery that occurred outside of the

limitations period for a robbery charge; because his convictions were based on a statute enacted after his crimes were committed; because the trial judge was biased against him; because the prosecutor misled the grand jury in the process of obtaining an indictment; because the prosecutor did not prove every element of felony murder; because the prosecutor did not honor a plea agreement; and because the prosecutor introduced false evidence to the grand jury.

Wilson has filed his § 2-1401 motion in federal court, but § 2-1401 is a state provision that requires that the motion be filed "in the same proceeding in which the order or judgment was entered," *People v. Chatman*, — N.E.3d —, 2016 WL 5687510, at *3 (Ill. App. Ct. Sept. 30, 2016), a provision that directs defendants like Wilson to Illinois state court. To be sure, federal courts like this one are only authorized to hear a challenge to a state conviction if it is premised on 28 U.S.C. § 2254—that federal statute is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). Section 2254 provides federal courts with the authority to order relief for a state prisoner if he is in custody in violation of the United States Constitution or laws or treaties of the United States, but there are a number of conditions built into the statute: a state prisoner must typically raise all of his errors in state court before seeking relief from a federal judge, *see* 28 U.S.C. § 2254(b); a prisoner must file his § 2254 petition within a certain time period, *see* 28 U.S.C. § 2244(d); and a prisoner generally only gets one opportunity to bring a § 2254 petition without

leave from a federal appellate court—leave that is severely circumscribed by statute, *see* 28 U.S.C. § 2244(b).

Given these pitfalls, it is usually frowned on for a district court to recharacterize a conviction-related pleading from one type of filing to a § 2254 habeas petition. *See Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). For that reason, Wilson's instant motion, which is premised exclusively on an Illinois provision and not § 2254, must be rejected. However, the Court will give Wilson an opportunity to submit an amended petition in this case pursuant to 28 U.S.C. § 2254 if he wishes to do so. *See id.* at 388-89. Alternatively, Wilson can file a notice with the Court advising that he does not wish to pursue a § 2254 federal habeas petition at this time, presumably because he wants to proceed with his motion in Illinois state court instead.

If Wilson decides to press forward with a § 2254 federal petition in this Court, he should keep a few points in mind. First, he is strongly encouraged to use the Court's form for § 2254 petitions, as that will provide a structured method for him to set forth his claims for federal constitutional relief. Second, Wilson must name the Warden of his current prison as the respondent in any amended petition—the "People of the State of Illinois" is not an appropriate party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Third, given that Wilson has filed the instant motion as one under Illinois law, it is an open question whether he has submitted all of the points of error in his motion to the Illinois state courts for resolution. A state prisoner must typically exhaust all of his

remedies in state court before bringing a claim to federal court or demonstrate that those state remedies are no longer available. *See Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015). Finally, a prisoner can only file one § 2254 petition of his own accord; subsequent habeas petitions require leave of the designated federal circuit court of appeals—here the Seventh Circuit. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). For that reason, a prisoner should bring every claim of error that he wishes to raise in his initial petition, and not try to raise claims at a later point through successive petitions.

In conclusion, Wilson's current § 2-1401 state motion is **DISMISSED without prejudice**, as the motion is not one styled under 28 U.S.C. § 2254. If Wilson wishes to proceed with a federal habeas petition, he must file a revised petition seeking relief under § 2254 within 28 days of the date of this order (**on or before January 3, 2017**). That petition should clearly and concisely lay out any claims of error Wilson wishes to raise in this Court. Wilson is **ADVISED** that the Court will not accept piecemeal amendments to the original petition. Thus, the amended petition must stand on its own, without reference to any other pleading, and Wilson must refile any materials he wishes the Court to consider along with the amended petition. In order to assist Wilson, the **CLERK** is **DIRECTED** to mail Wilson a blank § 2254 petition form.

If Wilson does not wish to proceed with a § 2254 petition, he is **DIRECTED** to file a short notice with the Court indicating that he wishes to dismiss this

action without prejudice. If Wilson takes no action within the next 28 days, the Court will dismiss this action for want of a viable petition on file.

**IT IS SO ORDERED.**

**DATED: December 6, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.12.06 11:16:48 -06'00'

**United States District Judge**